[No. 2907.]

MARK ANDERSON *v.* THE STATE.

AGGRAVATED ASSAULT—CHARGE OF THE COURT.—INFORMATION charged that the assault was aggravated because made with a deadly weapon, to wit, an axe. The court charged, as requested by the State, that "the use of any dangerous weapon, or the semblance thereof, in an angry or threatening manner, with an intent to alarm another, and under circumstances calculated to effect that object, comes within the meaning of an assault. When a dangerous weapon is used under the above mentioned circumstances, the ability to effect injury is not necessary." *Held,* error, as not applicable to the assault charged, and as an abandonment of the aggravation alleged in the information.

APPEAL from the County Court of Caldwell. Tried below before the Hon. Lee Rogan, County Judge.

The information charged the appellant with an aggravated assault upon G. W. Lockard, in Caldwell county, Texas, on the eighteenth day of July, 1883. The ground of aggravation was alleged to be the use of a deadly weapon, to wit, an ax. The appellant's trial resulted in his conviction, and his punishment was assessed at a fine of thirty-five dollars.

The motion for new trial set up the ground considered in the opinion.

*Stringfellow & McNeal,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

HURT, JUDGE. Appellant was convicted of an aggravated assault, upon an information charging that the assault was aggravated because made with a *deadly* weapon, to wit, an ax. No other ground of aggravation is even hinted at in the information.

At the request of the State, the learned judge presiding gave this charge to the jury: "The use of any dangerous weapon, or the semblance thereof, in an angry or threatening manner, with an intent to alarm another, and under circumstances calculated to effect that object, comes within the meaning of an

assault.   When a dangerous weapon is used under the above
mentioned circumstances, the ability to effect injury is not neces-
sary."

   This charge has no application whatever to the *aggravated as-
sault alleged in the information.*   It is an abandonment of the
information altogether, so far as the ground of aggravation is
concerned, and this conviction, if the jury were influenced by
the charge, was without allegation to support it.   The charge
being radically wrong, the judgment is reversed and the cause
remanded.

*Reversed and remanded.*

Opinion delivered May 3, 1884